Ruth Culbertson v. Commissioner.
Culbertson v. Commissioner
Docket No. 23741.
United States Tax Court
1953 Tax Ct. Memo LEXIS 361; 12 T.C.M. (CCH) 179; T.C.M. (RIA) 53057; February 20, 1953
Attorney for the petitioner not given. Earl C. Crouter, Esq., for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion The Commissioner determined deficiencies and additions thereto under sections 293 (a) and 291 (a) as follows: Year
Deficiency
293(a)
291(a)
1942
None
$10.42
$ 52.12
1943
$577.53
28.88
144.38
1944
395.00
19.75
98.75
1945
518.94
25.95
None
1946
428.65
21.43
None The issues for decision are whether the Commissioner erred in taxing to the petitioner for the years 1943 though 1945 one-half of the rental income and one-half of the capital gains from properties in the name of the petitioner and her husband. Findings of Fact The petitioner filed no returns for the years *362 1942, 1943 and 1944. She filed separate returns for the years 1945 and 1946 with the collector of internal revenue for the District of Delaware. Ivan Culbertson, husband of the petitioner, purchased seven properties in Wilmington, Delaware, using his own funds and borrowed money. The record title to the properties named as grantees "Ivan Culbertson and Ruth H. Culbertson, his wife, of Christiana Hundred, State of Delaware." Five of the properties were rented during the taxable years and four of them were sold. The petitioner did not report any gains from sales of the properties during any of the taxable years and she did not report any income from the properties for the years 1942 through 1944. She reported $6,307.46 gross rent from apartments for 1945, deducted depreciation of $2,280 and expenses of $2,118.99 and reported net rentals of $1,908.47. The expenses reported consisted of mortgage interest $1,283.38, taxes $783.11, and insurance $52.50. She reported gross rent from apartments for 1946 of $9,567.88, deducted depreciation of $2,180 and expenses of $3,272.05, and reported net rentals of $4,115.83. The exported net rentals of $4,115.83. The expenses were itemized as mortgage *363 interest $2,025.06, and taxes and insurance $1,256.99. The properties from which the petitioner reported rentals in her returns for 1945 and 1946 are not identified in the record. The Commissioner, in determining the deficiencies, included in the petitioner's income as rental income $883.05 for 1942, $2,475.91 for 1943, $2,461.34 for 1944 and an additional $153.68 for 1945 and an additional $2,550.06 for 1946. He also included in her income capital gains of $250 for 1942, $2,353.83 for 1945, and $3,871.12 for 1946. The record does not show that he erred. Opinion MURDOCK, Judge: The petitioner contends and the Commissioner concedes that the deeds to the properties created tenancies by the entireties in the petitioner and her husband. The petitioner contends further that the husband has the right to all income from the rental or sale of properties in Delaware held by a husband and wife as tenants by the entireties and the wife has no responsibility to report any income from the renting or the sale of those properties. The husband of the petitioner testified in this case that he alone had been responsible for the purchase of the properties and had paid for them entirely from his *364 own separate funds or from money which he had borrowed; he alone had leased the properties except one which was not improved; the rents were paid to him and deposited by him in his own separate bank account from which he made disbursements for the maintenance and operation of the properties; he had his wife's name on the deed only because he wanted to give her the right of survivorship in case he died; his wife never took any part in the purchase, rental, upkeep or sale of the properties except to allow the use of her name; and in fact she did not know that he had bought the properties. Yet, in explanation of the fact that she had reported rental income for 1945 and 1946, he said that in 1945 he told her that she was to have the income from one of the properties and from that time on the rent was turned over to her and she performed acts in connection with that property. She also deducted mortgage interest, taxes, insurance and depreciation from the 1945 and 1946 rents which she reported. He said he did not know which property it was but thought it might be one which he named. That property was one of those which was sold but the petitioner did not report the sale on her return. He *365 said he never gave his wife any conveyance of any kind covering that property. The petitioner does not seek to avoid tax on the rental income reported by her for 1945 and 1946. There is less reason to tax that income to her than there is to tax to her one-half of the income from all the properties and one-half of the profits of the sales of the properties. It has been held that where the land itself is the income producing factor, the income therefrom is to be reported equally for Federal income tax purposes by each of the spouses who are tenants by the entireties. ; ; ; , affd. ; ; ; ; ; and . It was pointed out in those cases that Acts affecting property rights of married women in the various states had effected a change in some of the incidents of tenancy by the *366 entireties. Those same changes occurred in , and . The arguments made for the petitioner in this case were also advanced in some of the cases first cited above, and on authority of those cases, it is held that the Commissioner did not err in this case. The petitioner alleged that the determinations for 1942, 1943 and 1944 were in violation of the statute of limitations but no reference thereto was made during the trial and obviously there would be no merit to such issue because no returns were filed for those years to start the statute of limitations. No issue has been raised in regard to the additions under sections 293 (a) and 291 (a). Those under 291 (a) are obviously correct since no returns were filed for the first three years. There is no evidence to show that those under 293 (a) were not properly imposed. Decision will be entered for the respondent.